Antonia Ortiz, en su carácter de madre con patria potestad sobre el menor José Manuel Ortiz, recurrente, *v.* Comisión Industrial de Puerto Rico, demandada.

Núm. 219.—*Sometido:* Marzo 10, 1941. *Resuelto:* Marzo 18, 1941.

*Pedro M. Porrata* y *J. C. Santiago Matos,* abogados de la recurrente; *Frank Torres,* abogado de Evangelina Rodríguez, madre del obrero fallecido.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El obrero Domingo Báez falleció a consecuencia de un accidente del trabajo acaecido el 21 de noviembre de 1938. Su madre, Evangelina Rodríguez Viuda de Báez, fué declarada beneficiaria y se le concedió compensación. Posteriormente Antonia Ortiz, en representación de su hijo menor de edad, José Manuel Ortiz, compareció ante el Administrador del Fondo del Seguro del Estado alegando que dicho menor es hijo póstumo del obrero y solicitando se le reconociese su derecho a participar en la compensación previamente concedida a su abuela paterna. El Administrador del Fondo del Seguro del Estado practicó la correspondiente investigación, pero estimando que el caso por su naturaleza no debía ser resuelto ex parte, denegó la petición de Antonia Ortiz para que recurriese ésta ante la Comisión Industrial de Puerto

Rico y se resolviese allí el caso con audiencia de todas las partes interesadas.

Elevado el caso ante la Comisión Industrial se celebró una vista pública el 14 de mayo de 1940 ante el Comisionado Sr. Paz Granela desfilando ante él toda la prueba relativa a la petición de Antonia Ortiz. El 3 de enero de 1941 dicho comisionado, actuando como ponente, escribió una resolución en la que después de analizar todas las declaraciones prestadas en la vista pública, llegó a la conclusión de que el niño José Manuel Ortiz es hijo póstumo del obrero Domingo Báez y que como tal tiene derecho a la mitad de la compensación concedida a la madre del obrero por resolución de 5 de abril de 1939.

Los dos comisionados restantes no estuvieron conformes con la apreciación que de la evidencia hiciera el Comisionado Paz Granela y dictaron un voto disidente que se convirtió en resolución de la comisión, en la que después de analizar la prueba y apreciarla de manera distinta a la en que la apreció el Comisionado Paz Granela desestiman las pretensiones del alegado hijo póstumo.

De esta resolución recurrió la peticionaria para ante este tribunal alegando que la misma es errónea porque exige para probar la paternidad un grado de evidencia tal que establezca el caso *fuera de duda razonable,* y además porque no habiendo los comisionados de la mayoría visto ni oído declarar los testigos, como lo hizo el Comisionado Paz Granela, no podían aquéllos rechazar la apreciación que de la prueba hiciera este último.

■■ Es obvio el error en que incurrió la mayoría al exigir en un caso ante la Comisión Industrial un grado de evidencia que pruebe la contención de la parte que lleva la afirmativa, fuera de duda razonable. Este grado de evidencia sólo se exige en casos criminales. Probablemente lo que se intentó decir es que la prueba en casos como el presente debe ser robusta y persuasiva. No creemos que los comisionados que no tuvieron la oportunidad de asistir a la

vista pública tengan necesariamente que aceptar la apreciación que de la prueba hiciera aquél ante quien se celebró, pero es indiscutible que los que no oyeron ni vieron declarar a los testigos, no están en tan buenas condiciones para apreciar y resolver sobre la credibilidad de los testigos como aquél que presidió la audiencia.

*Existiendo desacuerdo con respecto a la apreciación de la prueba y habiéndose cometido el error antes indicado, procede a nuestro juicio dejar sin efecto la resolución recurrida de 3 de enero, 1941, y devolver el caso a la Comisión Industrial para que se celebre una nueva audiencia ante la comisión en pleno y se resuelva entonces lo que proceda de acuerdo con la ley y la preponderancia de la prueba; permitiéndonos recomendar, considerando la tardanza que con tales incidentes ha tenido el caso, que se le dé preferencia en el calendario de asuntos pendientes posteriormente radicados.*