RAFAEL DE J. CORDERO, en su carácter de ADMINISTRADOR DEL FONDO DEL SEGURO DEL ESTADO, recurrente, *v.* LA COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; JUAN MARRERO RODRÍGUEZ, obrero lesionado.

Núm. 264.—*Sometido:* Mayo 17, 1943. *Resuelto:* Junio 1, 1943.

Hon. Procurador General Interino M. Rodríguez Ramos, G. Benítez Gautier, Procurador General Auxiliar y G. Atiles Moréu, A. de Jesús Matos y J. Correa Suárez, abogados los tres últimos del Fondo del Seguro del Estado, abogados todos del recurrente; Víctor J. Vidal González, abogado del obrero lesionado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El 28 de agosto de 1942, el obrero Juan Marrero Rodríguez sufrió un accidente mientras trabajaba como peón para Félix Benítez Rexach, patrón asegurado. Después de recibir el tratamiento médico correspondiente, el lesionado fué dado de alta como curado y sin incapacidad alguna; y no estando conforme con la decisión del Administrador del Fondo, apeló para ante la Comisión Industrial, quejándose (a) de que necesitaba más tratamiento, y (b) de que no se había fijado el grado de su incapacidad.

En diciembre 23 de 1942 y ante el Comisionado Sr. F. Paz Granela, se celebró una vista pública en la cual declararon dos médicos como peritos del Fondo del Estado y otro como perito asesor de la Comisión Industrial. En el mismo mes de diciembre, el Comisionado ante el cual se practicó la prueba, Sr. Paz Granela, dictó un proyecto de resolución al efecto de que el obrero reclamante había quedado con una incapacidad parcial permanente consistente en la pérdida de un quince por ciento de sus funciones fisiológicas generales y por lo tanto con derecho a compensación. Sometido el proyecto de resolución a la aprobación del Presidente de la Comisión, Sr. Soldevila, y del Comisionado Sr. Herrero, se negaron éstos a concurrir con la ponencia del Comisionado Paz Granela, formulando el Presidente Soldevila un voto particular, en el que llegó a la conclusión de "que el obrero en este caso no tiene menos de un 33⅓ por ciento de incapacidad de sus funciones fisiológicas generales". Y habiendo concurrido con dicho voto particular el Comisionado Sr. He-

rrero, en febrero 2 de 1943 la Comisión Industrial dictó una resolución declarando que el obrero Juan Marrero ha quedado con una incapacidad de 33⅓ por ciento de pérdida de sus funciones fisiológicas generales.

En febrero 11 de 1943, el Administrador del Fondo solicitó la reconsideración de la resolución y que en su lugar se dictase otra de acuerdo con el proyecto de resolución del Comisionado Paz Granela. La Comisión declaró no haber lugar a la reconsideración solicitada, pero acordó "abrir de nuevo el caso para ampliar la práctica de evidencia en relación con la condición física del obrero". Solicitó el Administrador la reconsideración de esta última resolución, y habiendo sido denegada dicha moción, el Administrador interpuso el presente recurso. Para sostenerlo, alega en síntesis que la Comisión erró:

1. Al ordenar la celebración de una segunda vista para oír nueva prueba, por estar esto terminantemente prohibido por la ley.

2. Al dictar una resolución basada en el voto particular de los Comisionados Soldevila y Herrero, quienes no estuvieron presentes en la vista del caso, en vez de basarla en la opinión del Comisionado Paz Granela, que fué el único que vió, observó y oyó al obrero en su declaración.

3. Al descartar la prueba pericial que fijaba la incapacidad del obrero en su grado máximo en un 15 por ciento, y basar su resolución exclusivamente en el texto del tratadista Kessler.

No acertamos a comprender de qué se queja el Administrador recurrente. Pidió la reconsideración de la resolución dictada por los dos Comisionados que no asistieron a la vista del caso, y la Comisión acordó dejarla sin efecto y abrir el caso de nuevo para que el Administrador tenga una nueva oportunidad de probar ante la Comisión en pleno que el grado de incapacidad del obrero no excede de un 15 por ciento, y el obrero pueda a su vez probar que el

33⅓ por ciento de incapacidad fijado por la resolución anulada es razonable. ¿Qué otra cosa podía haber hecho la Comisión ante la moción de reconsideración radicada por el Administrador? Si la reconsideración hubiese sido denegada, dejando en pie la resolución dictada por los dos Comisionados que no asistieron a la vista, seguramente el Administrador hubiese recurrido ante esta Corte Suprema, para presentarnos una situación casi idéntica a la del caso de *Ortiz* v. *Comisión Industrial*, 58 D.P.R. 278, en el que dijimos:

" . . . No creemos que los comisionados que no tuvieron la oportunidad de asistir a la vista pública tengan necesariamente que aceptar la apreciación que de la prueba hiciera aquél ante quien se celebró, pero es indiscutible que los que no oyeron ni vieron declarar a los testigos, no están en tan buenas condiciones para apreciar y resolver sobre la credibilidad de los testigos como aquél que presidió la audiencia."

Y en vista del desacuerdo con respecto a la apreciación de la prueba, dejamos sin efecto la resolución recurrida y devolvimos el caso a la Comisión Industrial para la celebración de una nueva audiencia ante la Comisión en pleno. La pretensión del Administrador de que se dejase sin efecto la resolución y en su lugar se dictase otra basada en el voto del Comisionado Paz Granela, es insostenible, pues debiendo estar sostenida toda resolución de la Comisión por el voto de una mayoría de sus miembros, la dictada por un solo Comisionado sería nula.

En el caso de autos, la Comisión Industrial, teniendo sin duda en cuenta lo resuelto en *Ortiz* v. *Comisión*, supra, y deseando evitar demoras innecesarias y perjudiciales al obrero reclamante, acordó hacer lo que a nuestro juicio es la única solución justa y correcta para una situación como la que ya hemos expuesto. De todos modos, nada adelantaría el Administrador con que anulásemos la resolución recurrida, pues con ello quedaría en pie la resolución por la que se fijó en un 33⅓ por ciento el grado de incapacidad del obrero, que es precisamente de lo que se queja el recurrente. Y si éste

entablase recurso de revisión de dicha resolución, en ese caso nos veríamos obligados a ordenar la celebración de una nueva audiencia—como ya lo ha hecho la Comisión—por las razones expuestas en *Ortiz* v. *Comisión,* supra.

La contención del recurrente de que el estatuto prohibe terminantemente la celebración de una nueva vista carece de méritos. El artículo 10 de la Ley núm. 45 de abril 18 de 1935 ((1) pág. 251), en su último párrafo, dispone:

"La Comisión Industrial radicará su decisión en el expediente, notificando a las partes. Ninguna de las partes tendrá derecho a una segunda vista sobre cuestiones de hechos."

El estatuto es tan claro que no necesita interpretación. La parte agraviada por la decisión no tiene derecho a solicitar una segunda vista. La Comisión puede, si lo juzga conveniente, abrir el caso de nuevo para ampliar la prueba y esclarecer cualesquiera hechos sobre los cuales pueda tener alguna duda, con el fin de hacer cumplida justicia entre las partes.

El deber primordial del Administrador del Fondo del Seguro del Estado es velar por la solvencia del fondo, defendiéndolo contra toda reclamación que no se ajuste a la ley o que se base en hechos falsos. Empero, para cumplir ese deber no es necesario que el Administrador recurra a procedimientos o tecnicismos encaminados a dilatar la adjudicación final y definitiva de una compensación o a disminuir el montante de la indemnización a que el obrero lesionado pueda tener derecho de acuerdo con la ley y con los hechos y circunstancias del caso. No debe temer el Administrador la celebración de una nueva audiencia cuyo único objeto es esclarecer la verdad para que la Comisión en pleno pueda oír toda la prueba y dictar un fallo que se ajuste estrictamente a los hechos y a la ley.

*Por las razones expuestas procede desestimar el recurso y confirmar la resolución de la Comisión de fecha marzo 5, 1943.*