G. Atiles Moréu, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* Comisión Industrial de Puerto Rico, etc., recurrida; José Torres Camacho, obrero lesionado.

Núm. 279.—*Sometido:* Diciembre 13, 1943. *Resuelto:* Febrero 9, 1944.

*Joaquina Pérez Cordero, Ángel de Jesús Matos y Joaquín Correa Suárez,* abogados del recurrente; *Virgilio Brunet y José L. Novas,* abogados del obrero lesionado.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

En este caso el Administrador del Fondo del Seguro del Estado resolvió que el obrero aquí envuelto no fué lesionado mientras se encontraba en el curso de su empleo. El obrero apeló para ante la Comisión Industrial. El 17 de marzo de 1942 se celebró una vista del caso ante el Comisionado León Parra. El 15 de abril de 1942 el Comisionado León Parra cesó en su cargo sin radicar ante la Comisión su decisión, etc., según se provee en el artículo 10, Ley núm. 45, Leyes de Puerto Rico, 1935 ((1) pág. 251). No hubo estipulación o convenio de las partes en cuanto a someter el caso a los

Comisionados que no habían oído la prueba. Sin embargo, con la oposición del Administrador del Fondo, los Comisionados Paz Granela y Herrero dictaron una decisión en el caso basada en el récord de la prueba, y resolvieron que la lesión había sido recibida en el curso del empleo. El Comisionado Soldevila, quien había sustituído a León Parra, disintió por el fundamento de que el artículo 10 impedía que se dictara decisión bajo tales circunstancias. Expedimos el auto al solicitar el Administrador se revisara el caso.

La parte pertinente del artículo 10 lee como sigue:

"Si el caso fuere señalado para ser oído por un Comisionado, la vista tendrá lugar en la localidad donde haya ocurrido el accidente o en cualquier otro sitio que la Comisión Industrial designare, y la decisión del Comisionado, junto con una exposición de la evidencia, y sus conclusiones sobre los hechos y el derecho, y otras materias pertinentes a la cuestión planteada ante él, será radicada en la Comisión Industrial para su decisión. . ."

Se admite que después de presidir la vista en el presente caso, el Comisionado León Parra no radicó decisión, exposición de la evidencia, conclusiones sobre los hechos y conclusiones de derecho algunas. No obstante el obrero insiste en que el no haberse cumplido con las disposiciones del artículo 10 no era impedimento para que la Comisión resolviera el caso por el récord. En síntesis, su posición es al efecto de que el artículo es permisivo más bien que mandatorio.

Puede ser que la Legislatura, de haberlo elegido así, pudo haber dispuesto que la Comisión podía decidir el caso por el récord en ausencia del Comisionado que oyó la prueba y en ausencia de su informe sobre el caso. En verdad, aun como lee la ley actualmente, los otros Comisionados, una vez que el informe y la decisión del Comisionado que oyó la prueba se radicaran, pueden, a base de la prueba tomada, rechazar la decisión de este último (*Ortiz* v. *Comisión Industrial*, 58 D.P.R. 278). La regla en relación con agencias administrativas, en síntesis, no es tan rígida como la que se

ha aplicado a los tribunales (*United States* v. *Nugent,* 100 F. (2d) 215 (C.C.A), 6th, 1938); el hecho de que el funcionario que decide el caso no esté presente durante la vista ante un tribunal administrativo no es por sí solo fatal al procedimiento (véase *Luce & Co.* v. *Junta de Salario Mínimo,* 62 D.P.R. 452, 478, et seq.; opinión concurrente del Juez Presidente Wolfe en *Crow* v. *Industrial Commission,* 140 P. (2d) 321 (Utah, 1943); Gellhorn, Administrative Law, Cases and Comments, 2. ¿Tiene el Funcionario que Oye la Prueba que Ser el Mismo que Decida el Caso, o Puede una Persona Recibir la Evidencia y Otro Considerarla?, págs. 736–51). Toca a la Legislatura determinar, como una cuestión de flexibilidad administrativa, cuán lejos desea ir en tales cuestiones—siempre que no se niege el debido procedimiento. La dificultad con la posición del obrero en este caso es que la Legislatura ha dispuesto afirmativamente que todos los documentos en cuestión "serán" radicados por el Comisionado que oyó el caso. No nos impresiona, bajo las circunstancias de este caso específico, el argumento de que la Legislatura usara la palabra "será" y no "deberá". Claramente la Legislatura quiso dar a toda la Comisión el beneficio de las conclusiones del funcionario que oyó la prueba, antes de que la Comisión resuelva el caso. Por tanto no es importante en este caso el que la Comisión, como hemos visto, tenga el poder de revocar al Comisionado ante quien se vió el caso en primera instancia. Lo importante es que la Legislatura ha insistido en que ninguna decisión de la Comisión deberá dictarse a menos que y hasta que todos los datos indicados se radiquen ante ella por el funcionario que vió el caso. Creemos que ésa es una regla sabia. Es de gran ayuda—y algunas veces indispensable—para un cuerpo que va a emitir una resolución el tener las conclusiones del funcionario que oyó la prueba. Pero aun si no aprobáramos la regla, no tendríamos poder para intervenir. La Legislatura

ha actuado sobre una materia que cae dentro de su exclusiva competencia.

No tenemos duda de que las partes pueden estipular bajo las circunstancias aquí envueltas el someter el caso a la Comisión por el récord. En cuanto a tal extremo, los requisitos del artículo 10 no son jurisdiccionales. Pero son mandatorios en cuanto a la Comisión; y a menos que las partes no los renuncien, la Comisión debe cumplir con los mismos.

No podemos ver la pertinencia del artículo $6(b)$ [1] de la Ley núm. 45 aquí envuelta. El artículo 10, que dispone que ''Ninguna de las partes tendrá derecho a una segunda vista sobre cuestiones de hechos'' de igual manera no tiene relación a los peculiares hechos de este caso. La alegada vista celebrada en este caso ha demostrado ser infructuosa. Las partes tienen derecho a una vista que la Comisión debe proporcionarles ahora (*cf. Cordero* v. *Comisión Industrial,* 62 D.P.R. 143).

El caso de *Crow* v. *Industrial Commission,* supra como ya se ha indicado, es de aplicación y llega a la misma conclusión a que se llega en el presente caso. (Véase también, *United States* v. *Perkins,* 79 F. (2) 533 (C.C.A. 2nd. 1935).) El caso de *Farran* v. *Curtis Pub. Co.,* 120 A. 544 (Pa., 1923) llega a un resultado opuesto, pero el estatuto allí envuelto aparentemente no contenía disposición mandatoria alguna como la que existe en nuestro estatuto.

*La resolución de la Comisión Industrial será revocada y se devolverá el caso para ulteriores procedimientos ante la Comisión no inconsistentes con esta opinión.*

---

[1] Dicho artículo dice en parte que ''La vacante o ausencia de uno de sus miembros no entorpecerá el derecho de los dos restantes a ejercer todos los deberes y poderes conferídosles por esta Ley.''