G. ATILES MORÉU, en su carácter de Administrador del Fondo del Seguro del Estado, recurrente, *v.* COMISIÓN INDUSTRIAL DE PUERTO RICO, recurrida, y ALFREDO FERNÁNDEZ, obrero lesionado.

Núm. 318.—*Sometido:* Junio 5, 1944. *Resuelto:* Julio 10, 1944.

*Hon. Procurador General Interino M. Rodríguez Ramos* y *G. Benítez Gautier, Procurador General Auxiliar,* y *Joaquina Pérez Cordero, Angel de Jesús Matos, Joaquín Correa Suárez* y *A. Sandín del Manzano,* abogados los cuatro últimos del Fondo del Estado, abogados todos del recurrente; *E. Cornier,* abogado del obrero lesionado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Alfredo Fernández, caminero al servicio del Departamento del Interior, falleció a consecuencia de un accidente que sufrió mientras se hallaba en el tramo de carretera que le había sido asignado. Informado el accidente al Administrador del Fondo del Seguro del Estado, negó compensación a sus dependientes porque el accidente, según el Administrador, no surgió en el curso ni con motivo de las funciones del obrero como peón caminero.

Apelado el caso para ante la Comisión Industrial, resolvió que el obrero perdió la vida el 29 de junio de 1942 por un accidente que le provino de un acto o función inherente a su empleo, en el curso de éste y como consecuencia del mismo.

El Administrador interpuso entonces el presente recurso.

Discutiendo la evidencia, la Comisión recurrida se expresó en los siguientes términos:

"La prueba es contradictoria, pues mientras unos testigos presenciales declaran que el peón caminero estaba persiguiendo una vaca en el trozo de carretera que a él se le había encomendado, y en cuyo momento fué arrollado por un camión, otros testigos presenciales declararon que el peón caminero fué a subirse al camión, y que cuando éste comenzó a caminar el peón caminero resbaló y fué arrollado por otro camión que venía detrás. *Aun asumiendo* que el peón ca-

minero hubiese tratado de abordar el camión en el mismo trozo de carretera donde estaba obligado a vigilar y cuando dicho camión estaba parado, no nos parece que dicho acto pueda considerarse como una imprudencia temeraria. El hecho de que al empezar a caminar el camión el peón caminero resbalara y en ese momento fuese arrollado por otro camión que venía detrás, no creemos tampoco que eso fuese una imprudencia temeraria, y sí más bien un accidente inesperado y desgraciado.

"  *        *        *        *        *        *        *

"Creemos que en este caso que estamos resolviendo el peón caminero podía utilizar un camión en el trozo de carretera que le estaba encomendado por el Departamento del Interior de Puerto Rico para cumplir cualesquiera de las obligaciones que le imponen la ley y los reglamentos a los peones camineros. Como dijimos antes, *asumiendo* que el peón caminero fué a subir a un camión en el mismo sitio donde trabajaba y que al empezar a correr dicho camión él resbalara y cayera y en ese momento fuese arrollado por otro camión que venía detrás, no constituye, a nuestro juicio, imprudencia temeraria, ni lo desvía del curso natural de sus funciones como peón caminero. Esto es, como hemos dicho, *asumiendo* que el peón caminero abordó el camión. Mas asumiendo que el peón caminero fué arrollado mientras cumplía con sus deberes como tal al tratar de sacar de la carretera donde trabajaba una vaca que estaba suelta, entendemos asimismo que el accidente le ocurrió al empleado en el curso de su empleo y como consecuencia del mismo.

"La prueba ofrecida en la vista pública tal y como la hemos analizado, nos lleva a la conclusión de que en este caso el peón caminero perdió la vida por un accidente que le provino de un acto o función inherente a su empleo y que le ocurrió en el curso de éste y como consecuencia del mismo." (Bastardillas nuestras.)

Es deber de la Comisión—especialmente en casos como éste en que se presentan dos teorías contradictorias en cuanto a la forma en que ha ocurrido un accidente—resolver el conflicto de los hechos a favor de una u otra parte. Ese es el propósito de la ley. Es deber que no puede eludir la Comisión teniendo en cuenta que, de conformidad con la sección 11 de la Ley de Compensaciones por Accidentes del Trabajo, en los recursos que se interpongan ante este tribunal para revisar sus resoluciones, estamos obligados a aceptar sus conclusiones de hecho limitándonos exclusivamente a revisar

cuestiones de derecho, excepto cuando se trate de apreciación de prueba de carácter pericial.

Salta a la vista en este caso la necesidad de que la Comisión hiciera sus conclusiones de hecho.(¹) La teoría de los dependientes del caminero, de ser cierta, tendería a demostrar que el accidente que sufrió el obrero provino de un acto o función inherente a su empleo, ocurrido en el curso de éste y como consecuencia del mismo. Por el contrario, la teoría del Administrador, de ser aceptada como cierta, no demostraría por sí sola que el accidente es compensable. Para fortalecer esa teoría de modo que tienda a demostrar que el accidente es compensable, la Comisión se ve obligada a recurrir a conjeturas y especulaciones que no están sostenidas por la prueba, cuando dice en su opinión:

"Creemos que en este caso que estamos resolviendo el peón caminero podía utilizar un camión en el trozo de carretera que le estaba encomendado por el Departamento del Interior de Puerto Rico para cumplir cualesquiera de las obligaciones que le imponen la ley y los reglamentos a los peones camineros."

De la evidencia no resulta que cuando el caminero abordó el camión lo hiciera para cumplir obligación alguna impuéstale por la ley o los reglamentos. Ningún testigo declaró a dónde se dirigía el caminero al abordar el vehículo, ni con qué fin lo hizo.

De la resolución de la Comisión no aparece cuál de las dos teorías es la cierta, pues asume una y otra para concluir erróneamente, a nuestro juicio, que ya fuera una u otra la verdadera, el accidente es compensable. La resolución recurrida no nos pone en condiciones de resolver este caso, pues en verdad no podemos saber cuáles son los hechos que estimó probados la Comisión.

*Consideradas esas circunstancias, procede revocar la resolución recurrida y devolver el caso a la Comisión Industrial para ulteriores procedimientos no inconsistentes con esta opinión.*

(¹)Véase el caso de *Atiles, Admor.* v. *Comisión Industrial,* 63 D.P.R. 62.