RAMONA VEGA CRUZ, lesionada, HOGAR CARMELITANO, INC., patrono, v. COMISIÓN INDUSTRIAL DE PUERTO RICO, ETC., demandada; FONDO DEL SEGURO DEL ESTADO, asegurador-recurrente.

*Número:* O-79-404    *Resuelto:* 30 de noviembre de 1979

*Alma Osorio de Davis, Antonio Acevedo Torres, Francisco Falú Lebrón* y *Jorge Márquez Gómez,* abogados del recurrente; *Rafael A. Oliveras Vera,* abogado de la parte lesionada.

PER CURIAM: La Administración del Fondo del Seguro del Estado nos pide que revisemos resolución de la Comisión Industrial de 22 de mayo de 1979 en virtud de la cual determinó que doña Ramona Vega Cruz, quien sufrió una lesión el 11 de agosto de 1975, mientras trabajaba para el patrono Hogar Carmelitano, Inc., tiene derecho a dietas por

el período comprendido entre el 9 de diciembre de 1972 (tres años antes del accidente) y el 12 de junio de 1977.

El 13 de septiembre de 1979 dictamos la siguiente resolución:

"Tenga la parte recurrida Ramona Vega Cruz un plazo a vencer el 8 de octubre de 1979 para mostrar causa por la cual no deba expedirse el auto de revisión solicitado por el Fondo del Seguro del Estado y revocar la resolución de 22 de mayo de 1979 de la Comisión Industrial en el caso #76-4-0424. Se ordena a la Comisión Industrial elevar a este Tribunal los autos originales de dicho caso en o antes de la indicada fecha."

Con fecha 19 de septiembre de 1979, la interesada, señora Ramona Vega Cruz, presentó moción informativa en que dice que en la resolución de la Comisión Industrial hay un error tipográfico, pues donde dice 9 de diciembre de 1972 quiso decir 9 de diciembre de 1975. Parece que así es, pero sorprende a este Tribunal que habiéndosele llamado la atención sobre ello mediante moción de reconsideración oportunamente presentada por la Administradora del Fondo, la Comisión, en resolución fechada a 23 de julio de 1979 se ratificó en su determinación, reafirmando el derecho al pago de dietas desde el 9 de diciembre de 1972. Sorprende aún más que en dicha resolución hace constar la Comisión Industrial lo siguiente: "Hemos examinado el expediente del cado [sic] y después de analisados [sic] los hechos, no encontramos fundamento alguno que pueda variar nuestro criterio sustentado en laresolución [sic] antes mencionada". Evidentemente esta expresión no se ajusta a la realidad. De haber examinado el expediente se hubiese dado cuenta la Hon. Comisión Industrial de su palmario error.

En nuestra resolución de 13 de septiembre de 1979 ordenamos a la Comisión que elevara a este Tribunal los autos originales en el plazo concedido, es decir, en o antes del 8 de octubre de 1979. No lo ha hecho. Nos vimos precisados a así requerirlo pues su resolución en que concede el pago de dietas es parca. No contiene determinaciones de hechos ni conclu-

siones de derecho. Se limita a señalar que "ACEPTA [*sic*] y hace formar parte de esta resolución las las [*sic*] conclusiones de hecho y derecho sometidas a nuestra consideración en el informe del Oficial Examinador que presidió la vista pública en este caso y el cual informe también SE ACEPTA [*sic*] y se hace formar parte de esta resolución. . .". Hemos leído la copia del informe que forma parte de la petición ante nos presentada, y no encontramos en él conclusiones de hechos ni de derecho. Se limita a decir que "los asesores médicos antes mencionados manifestaron que procede el pago del período de dietas solicitado entre el 9 de diciembre de 1972 al 12 de junio de 1977." Aunque se hace alusión a "los asesores médicos antes mencionados," dicho informe hace mención de un solo asesor médico, Dr. Rafael Serra.

La petición informa que en la vista pública celebrada el 26 de abril de 1979 "los médicos asesores tanto del Fondo como de la Honorable Comisión Industrial entendieron que procedía el pago de dietas reclamadas desde el 10 de febrero al 12 de junio de 1977, correspondiendo denegar el resto del término reclamado." Por otro lado, la moción informativa de la lesionada nos dice que en dicha vista pública "los médicos que intervinieron como peritos de la Hon. Comisión Industrial estuvieron de acuerdo ambos en que la lesionada ameritaba el pago de dietas por el período apelado, o sea del 9 de diciembre de 1975 a 10 de junio de 1977".

Como puede verse, la información que surge del expediente ante nos es contradictoria y no nos permite resolver lo que en justicia corresponda.

■ La ausencia de conclusiones de hechos en la resolución de la Comisión Industrial y en el informe del Oficial Examinador es contraria a las disposiciones expresas del Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo. Éste dispone, en sus partes pertinentes, que:

"Si el caso fuere señalado para ser oído por un Comisionado o por un oficial examinador, la vista tendrá lugar en la localidad donde haya ocurrido el accidente o en cualquier otro sitio que la Comisión

Industrial designare, y la decisión del Comisionado o del oficial examinador *con sus conclusiones sobre los hechos y el derecho*, y otras materias pertinentes a la cuestión planteada ante él, será radicada en la Comisión Industrial para su decisión. . . .

. . . El informe que radique el oficial examinador *deberá contener un resumen de toda la evidencia recibida, una exposición de sus conclusiones de hecho y conclusiones de derecho* a tenor con la evidencia recibida, los hechos y la ley aplicable." 11 L.P.R.A. sec. 11. (Bastardillas nuestras.)

Ya desde 1944 señalamos la necesidad de que la Comisión haga conclusiones de hechos. "Es deber de la Comisión . . . resolver el conflicto de los hechos a favor de una u otra parte. Ese es el propósito de la ley. Es deber que no puede eludir la Comisión teniendo en cuenta que, de conformidad con la sección 11 de la Ley de Compensaciones por Accidentes del Trabajo, en los recursos que se interpongan ante este tribunal para revisar sus resoluciones, estamos obligados a aceptar sus conclusiones de hechos limitándonos exclusivamente a revisar cuestiones de derecho, excepto cuando se trate de apreciación de prueba de carácter pericial." *Atiles, Admor.* v. *Comisión Industrial*, 63 D.P.R. 924, 926–927 (1944). Véase, además, *Atiles, Admor.* v. *Comisión Industrial*, 72 D.P.R. 417, 421 (1951).

Este Tribunal tiene que hacer constar su preocupación ante las irregularidades que informa el trámite de este caso. Es comprensible que el cúmulo de asuntos ante la consideración de la Comisión Industrial pueda explicar algunos lapsos en la diligencia que debe observarse al atender y resolver los asuntos que se planteen. Ello, sin embargo, no justifica que se prescinda de la obligación de formular conclusiones de hechos y de derecho ni que se desatienda una moción de reconsideración que apunta un error claro y de fácil comprobación.

*Se revocará la decisión de la Comisión Industrial y se le instruirá para que formule determinaciones de hechos completas a base de las pruebas que tuvo ante sí, formule además*

*conclusiones de derecho y dicte la resolución que en derecho corresponda.*

El Juez Asociado Señor Negrón García no intervino.