Ramona Vega Cruz, lesionada; Hogar Carmelitano, Inc., patrono, *v.* Comisión Industrial de Puerto Rico, etc., demandada; Fondo del Seguro del Estado, asegurador y recurrente.

*Número:* O-80-388          *Resuelto:* 28 de octubre de 1980

*Alma Osorio de Davis, Antonio Acevedo Torres, Francisco Falú Lebrón* y *Jorge Márquez Gómez,* abogados del recurrente; ni la lesionada ni la Comisión Industrial de Puerto Rico comparecieron en autos.

PER CURIAM: Vuelve por segunda vez este caso ante nuestra consideración. Se trata de una reclamación de dietas. En la primera ocasión revisamos resolución de la Comisión Industrial, que ordenó su pago por el período comprendido entre el 9 de diciembre de 1972 y el 12 de junio de 1977. Notamos que se concedían dietas desde tres años antes de la fecha del accidente, error que la Comisión se había negado a corregir, no obstante habérsele solicitado mediante oportuna moción de reconsideración.

Notamos, además, conflictos en cuanto a los hechos, según las versiones vertidas ante nos por la Administradora del Fondo del Seguro del Estado, en su petición, y por la lesionada, en su escrito de oposición. La Administradora alegó que los médicos asesores de ambos organismos —el Fondo y la Comisión— entendieron que procedía el pago de dietas desde el 10 de febrero de 1977 al 12 de junio de 1977. La lesionada, por su parte, alegó que dichos peritos estuvieron de acuerdo ambos en que la lesionada ameritaba el pago de dietas por el período apelado, o sea del 9 de diciembre de 1975 al 10 de junio de 1977. La resolución de la Comisión no hizo expresión alguna sobre cuál de esas versiones es correcta.

Así las cosas, y para poder estar en condiciones de resolver, dejamos sin efecto la resolución de la Comisión y le requerimos formular determinaciones de hechos y conclusiones de derecho conforme lo exige el Art. 10 de la Ley de Compensaciones por Accidentes del Trabajo, 11 L.P.R.A. sec. 11. Véase *Vega Cruz* v. *Comisión Industrial,* opinión *per curiam.* 109 D.P.R. 290 (1979).

El caso vuelve a nuestra consideración al recurrir nuevamente el Fondo, esta vez contra resolución de la Comisión Industrial, de 6 de mayo de 1980. Es una extensa resolución de cinco páginas a espacio sencillo, en que la Comisión hace un resumen de lo declarado ante ella por los peritos Dr. Rafael Serra, asesor médico de la Comisión, y Dr. Rolando Guzmán, asesor médico del Fondo, y concluye que no tiene que hacer determinaciones de hechos por no haber controversia sobre los mismos. Sentimos tener que discrepar; hay controversia. Veamos.

Conforme al resumen que se hace de la declaración del Dr. Serra, deben pagarse dietas a la lesionada por el período del 12 de agosto de 1976 al 9 de diciembre de 1976; era igualmente acreedora al pago de dietas entre el 13 de junio de 1977 y el 24 de enero de 1979, pero dice que ya eso se le pagó; y finalmente del 10 de febrero de 1977 al 13 de junio de 1977, período durante el cual, aunque se le aceptó "recidiva en C.T." —quiere decir tratamiento con autorización para trabajar—, concluye el Dr. Serra que no estaba en condiciones para trabajar y es acreedora al pago de dietas. En síntesis, según el Dr. Serra, deben pagarse dietas a la lesionada por dos períodos: 12 de agosto a 9 de diciembre de 1976 y 10 de febrero a 13 de junio de 1977.

El Dr. Guzmán, por su parte, concluyó "[q]ue teniendo en consideración el tipo de trabajo que tenía la lesionada de mantenerse de pie y tenía que cargar la canasta de ropa después de plancharla, no creo que estuviera capacitada para trabajar *durante el período reclamado. . .* ". (Énfasis nues-

tro.) En consecuencia, expresó "[q]ue no hay objeción a que se le otorguen las dietas *solicitadas*, siempre y cuando se descuenten las ya pagadas". (Énfasis nuestro.) El "período reclamado" o "dietas solicitadas" se refiere al período entre el 9 de diciembre de 1975 y el 10 de junio de 1977.

■ La resolución recurrida adopta, sin decirlo, la recomendación del Dr. Guzmán. Evidentemente impresionó a la Comisión el hecho de que el Dr. Guzmán es el asesor médico del Fondo. Pero esa recomendación pasó por alto numerosos trámites administrativos y decisiones sobre vistas médicas, evaluaciones, tratamientos con autorización para trabajar, etc., que pudieron variar el criterio del Dr. Guzmán. Nos parece más razonado el criterio del Dr. Serra, producto de un elaborado análisis que se recoge en la mencionada resolución. Por tratarse de prueba pericial, nos hallamos en la misma situación que la Comisión y en libertad de adoptar nuestro propio criterio.

■ Antes de concluir, debemos hacer la siguiente admonición. Convenimos con la Hon. Comisión Industrial en que, en casos en que los hechos se estipulen por las partes, no es necesario hacer determinaciones sobre los mismos. Basta exponerlos tal como se estipulan. *Cf. Atiles, Admor.* v. *Comisión Industrial,* 63 D.P.R. 62, 65 (1944). Pero, siempre que haya teorías contradictorias, la Comisión tiene el deber de exponer como hechos probados aquellos necesarios que sustentan la decisión que se adopte. El informe del examinador, además de hacer un resumen de la prueba, lo cual es de gran valor tanto para la Comisión como para este Tribunal, debe exponer al final sus conclusiones sobre los hechos, que la Comisión podrá adoptar como sus determinaciones. Debe tenerse presente que una cosa es el resumen de la prueba, y otra las determinaciones sobre los hechos que se concluyen probados. Estamos obligados por ley a respetar las determinaciones de hechos probados que haga la Comisión Industrial,

si están sostenidas por la prueba. Para ello, es esencial que se formulen tales determinaciones.

■ La Comisión tiene, además, el deber de acatar nuestras decisiones. En nuestra opinión *per curiam* antes citada, requerimos de la Comisión Industrial que formulase determinaciones de hecho y de derecho en este caso. No lo hizo por tener sobre ello un criterio distinto al nuestro. Independientemente de su propio criterio, el requerimiento nuestro es ley del caso, que la Comisión estaba en la obligación de obedecer. Debió atenerse la Comisión Industrial a esta regla básica en todo sistema ordenado de impartir justicia.

*Se expedirá el auto, se revocará la decisión de la Comisión Industrial, y se dispondrá el pago de dietas a favor de la señora Ramona Vega Cruz por los períodos del 12 de agosto al 9 de diciembre del 1976 y del 10 de febrero al 13 de junio de 1977.*

El Juez Asociado Señor Martín concurre en el resultado.