# 96 DTA 152

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL V DE PONCE Y AIBONITO**

COMISIONADO DE SEGUROS DE .P. R.
Recurrido

v.

HYUNDAI DE BAYAMON
Recurrente

Núm. KLAA-96-00041

San Juan, Puerto Rico, a 7 de octubre de 1996

Panel integrado por su presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Recurre Hyundai de Bayamón de la resolución emitida por el Comisionado de Seguros de Puerto Rico el 2 de noviembre de 1995 en la cual le ordenó cesar y desistir de publicar anuncios en violación *"al Artículo 27.040(5) del Código de Seguros de Puerto Rico, 26 L.P.R.A., sec. 2704(5), y a los Artículos 1 y 5 (a) y (b) de la Regla XVI del Reglamento del Código de Seguros de Puerto Rico."*

El 28 de agosto de 1996 ordenamos al Departamento de Justicia que expusiera su posición sobre lo allí planteado. En escrito del 20 de septiembre siguiente el Estado Libre Asociado, en representación del Comisionado de Seguros de Puerto Rico, se opuso a lo solicitado en dicho recurso. Procede denegar la expedición de esta revisión, ya que la misma es correcta en derecho.

El recurrente imputa al Comisionado haber errado al determinar que los dos anuncios publicados contenían información sobre ofertas de doble interés; por aplicar la Regla XVI del Reglamento del Código de Seguros; y al entender que se violó el Artículo 27.040(5) del Código de Seguros.

En cuanto al primer error, surge de los hechos que los dos anuncios publicados decían lo siguiente:

*"1. El publicado el 8 de noviembre de 1994 indicaba que:*

*Nadie nos iguala, más equipo y mejor precio que otras marcas. Con seguro doble sin residual... Seguros dis. con V. González... sujeto aprobación Rest. aplican"*

2. El publicado en el periódico El Vocero el 3 de diciembre siguiente, que se identificaba como *"EXEL 94"*, disponía:

*"CON SEGURO SIN RESIDUAL*

*Sin seguro, $219 con seguro de cuenta, Sujeto aprobación"*

En su escrito de oposición a este recurso el recurrente acepta que en tan sólo uno de los anuncios hacía referencia al seguro de doble interés ya que el otro se refería al seguro conocido como seguro de cuenta (single interest). Las disposiciones de ley aplicables disponen que:

El Artículo 27.040 (5), *supra*, consagra que:

*"Ninguna persona hará o divulgará oralmente o de alguna otra manera ningún anuncio, información, asunto, declaración o cosa que:*

*(1).............*

*(5) Contenga una aseveración, representación o declaración falsa, falaz o engañosa con respecto al negocio de seguros o con respecto a una persona en el manejo de su negocio de seguros.*

El Artículo 5 (a) y (b) de la Regla XVI, *supra*, expresa que:

*"(a) Palabras, Frases, Ilustraciones Engañosas. No se usarán palabras, frases, o ilustraciones que confundan o que tengan la capacidad o tendencia a engañar en cuanto a cualquier beneficio pagadero, pérdida*

*cubierta o prima pagadera en cualquier póliza. Un anuncio relacionado con cualquier beneficio pagadero, pérdida cubierta o prima pagadera será lo suficientemente completo y claro de manera que evite el engaño o la capacidad y tendencia a engañar.*

*(b) Excepciones, Reducciones y Limitaciones. Cuando un anuncio se refiera a cualquier cantidad de dólares, período de tiempo por el cual cualquier beneficio es pagadero, costo de la póliza o beneficio específico de la póliza o la pérdida por la que el beneficio es pagadero, también se describirá aquellas excepciones, reducciones y limitaciones que afectan las disposiciones básicas de la póliza sin las cuales el anuncio tendría la capacidad y tendencia a confundir o engañar."*

Ninguna de estas disposiciones de ley hace diferencia en cuanto a qué tipo de seguros pueden publicarse y cuáles no.

Por otro lado, señala el Artículo 1 de la Regla XVI del Reglamento del Código de Seguros en lo pertinente, que:

*"Todo asegurador, organización de servicios de salud, agente, corredor, solicitador, gerente, ajustador o consultor de seguros debidamente autorizado por el Comisionado de Seguros para llevar a cabo negocios de seguros en Puerto Rico, y toda persona natural o jurídica que pretenda publicar información promocional relativa al negocio de seguros, someterá al Comisionado copia de cualquier anuncio a ser publicado conjuntamente con el número del formulario de cualquier póliza a anunciarse y la fecha de aprobación de dicho formulario. Este anuncio se suministrará para la correspondiente evaluación del Comisionado, previo a la fecha en que dicho anuncio se de a la publicidad por primera vez".*

*Los siguientes anuncios estarán exentos de radicación ante el Comisionado aunque deberán cumplir con las demás disposiciones aplicables de esa Regla.*

*"(a) Anuncios cuyo único contenido es el nombre de la persona, su profesión u ocupación, la dirección del local de negocio o el cambio de dirección del local de negocio o del número telefónico.*

*(b) Anuncios cuyo único contenido es el informar ascenso o promociones o premiación del personal.*

*(c) Anuncios limitados únicamente a informar sobre la inauguración de nuevos locales de negocio.*

*(d) Material impreso en libros, revistas, artículos en periódicos o programas de televisión o radio, exclusivamente con fines didácticos o educativos que se refiera a materia de seguros pero que no incluya el nombre de un asegurador, agente general, agente, corredor, solicitador, ajustador, consultor de seguros, o cualquier otro personal de seguro en particular ni el nombre, ni la dirección del sitio de negocio, el logo (logotype) ni el símbolo o clave de clase alguna que identifique a dichas personas, excepto el nombre de la persona natural como autor sin identificar su relación con el negocio de seguros.*

*(e) Anuncios limitados únicamente a reclutar personal, incluso agentes, solicitadores y consultores de seguros."*

De un examen de la antes citada Regla XVI surge claramente que la misma cubre a toda persona natural o jurídica que desee publicar un anuncio ofreciendo información promocional relativa al negocio de seguros. Por ello el recurrente no puede justificar su falta de no someter el anuncio previamente al Comisionado de Seguros en que es un distribuidor de vehículos de motor no relacionado con dicho negocio. Tampoco es aplicable la doctrina de cosa juzgada a la estipulación efectuada en años anteriores por el Comisionado de Seguros con la compañía, Charlie Auto Sales Inc., de la cual Hyundai de Bayamón es un nombre comercial, y relacionada con la publicación de unos anuncios que ni tan siquiera contenían la misma información que los aquí en controversia, ya que la obligación legal de someter previamente a su publicación los anuncios a la aprobación del Comisionado de Seguros es una independiente para cada anuncio, excepto que de otra forma se indique en la autorización concedida. Ello cumple con el propósito de la ley. No se cuestiona la facultad del Comisionado de

Seguros para regular el negocio de seguros. La misma incluye el no permitir la publicación de anuncios engañosos. En este caso el Comisionado de Seguros, luego de examinar los antes citados anuncios, entendió que:

*"...la información contenida en los mismos carece de datos suficientes para proveer información clara, definida y completa que evite provocar en el público consumidor engaño y confusión.*

*El informar que la oferta publicada incluye seguro de doble interés, sin indicar a quién se cargará las primas del seguro; el no advertir al futuro comprador sobre su derecho de seleccionar el asegurador, agente, corredor o solicitador en la colocación del seguro de doble interés; el no informar a qué se refieren las restricciones que aplican; y el no detallar cuáles son esas restricciones, son defectos en el contenido de la información divulgada en los anuncios, que provocan confusión y engaño en el público consumidor.*

*Además de las observaciones anteriores, los referidos anuncios no cumplen con las disposiciones de ley al no advertir debidamente al público consumidor cuáles son las restricciones y limitaciones del seguro. Dichos anuncios se limitan a informar al público que ciertas restricciones aplican, sin entrar en la descripción de las mismas. No se advierte al público consumidor en forma clara, completa y definida que el costo del seguro puede variar por determinados factores tales como el uso dado al vehículo, la edad, el sexo, estado civil del conductor principal de la unidad y otros factores de clasificación de riesgo, así como las excepciones, reducciones y limitaciones que pueden afectar las disposiciones básicas de un seguro."*

Como se dijo en *Garaje Rubén, Inc. v. Tribunal Superior,* 101 D.P.R. 236, 244-245 (1973):

*"En la esfera federal bajo el Federal Trade Commission Act, 15 U.S.C.A. 41 et seq., un estatuto similar que prohibe las prácticas engañosas en el comercio, en general se ha resuelto que un anuncio no tiene que ser falso, literalmente hablando, para violar la citada ley federal, National Bakers Services, Inc. v. F.T.C., 239 F.2d 365 (7th Cir. 1964) y casos allí citados. Si un anuncio es o no engañoso, ha de determinarse a base de la impresión que tiende a crear en el público, debiéndose examinar no sólo el significado de las palabras usadas, sino también lo que razonablemente se implicó, Spiegel, Inc. v. F.T.C., 411 F2d 481 (7th Cir. 1969); Niresk Industries, Inc. v. F.T.C., 278 F.2d 337 (7th Cir. 1960), cert. den. 364 U.S. 883. Y cuando se habla de la impresión creada en el público, no debe mirarse al consumidor más sofisticado, sino al menos sofisticado. Exposition Press, Inc. v. F.T.C., 295 F.2d 869 (2nd Cir. 1961), cert. den. 370 U.S. 917. Las afirmaciones en un anuncio que se prestan a dos interpretaciones distintas, una de las cuales es engañosa, se interpretarán en forma adversa al anunciante, Country Tweeds. Inc. v. F.T.C., 326 F.2d 144 (2nd Cir. 1964)."*

La apreciación del Comisionado de Seguros resulta correcta sin que él hubiera tenido que considerar si el anuncio era falso o no. A esos efectos en *Garaje Rubén, Inc. v. Tribunal Superior, supra,* pág. 248, se indica que:

*"...resulta innecesario entrar o considerar si el anuncio es "falso" o no; lo importante es determinar si el texto del anuncio y las implicaciones que tiene para el público en general, especialmente poco sofisticados, no coinciden con la realidad del producto o servicio que se brinda. La intención de engañar o confundir al público, si bien puede inferirse del acto engañoso en muchos casos, tampoco hay que probarla para que exista una violación. Y la querellada no puede, como pretende, defenderse a base de que otras empresas sigan esa práctica."*

Reiteradamente se ha resuelto que los tribunales no deben intervenir en los quehaceres de las agencias administrativas más allá de lo que sea realmente necesario ya que las decisiones y criterios de los organismos administrativos especializados merecen gran consideración y respeto, en vista de su vasta experiencia y conocimiento (expertise). *Agosto Serrano v. Fondo del Seguro del Estado,* ___ D.P.R. ___ (1993), **93 J.T.S. 37,** pág. 10506; *M & V Orthodontics v. Negdo. Seg. Empleo,* 115 D.P.R. 183 (1984). Además, los procedimientos ante un organismo administrativo tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que la impugne no produzca suficiente evidencia para derrotarla. *A.R.P.E. v. J.A.C.L.,* 124 D.P.R. 858 (1989); Facultad para las *Ciencias Sociales Aplicadas v. Consejo de Educación Superior,* ___

D.P.R. ___ (1993), **93 J.T.S. 88;** *Henríquez v. Consejo de Educación Superior,* 120 D.P.R. 194, 210 (1987); *M & B. S., Inc. v. Departamento de Agricultura,* 118 D.P.R. 319, 331 (1987).

En este caso las determinaciones e interpretaciones del Comisionado de Seguros son razonables y consistentes con el propósito legislativo. *Sonia Torres González v. Star Kist Caribe Inc.,* ___ D.P.R. ___ (1994), **94 J.T.S. 44.**

El análisis que hizo estuvo acorde con la prueba presentada ante ella que fue una sustancial y no controvertida. Véase *Comisionado de Seguros de Puerto Rico v. General Accident Insurance Co. of P.R.,* **93 J.T.S. 10;** *Vega Cruz v. Comisión Industrial,* 109 D.P.R. 290 (1979); *Rodrigo v. Tribunal Superior,* 101 D.P.R. 151 (1973); *Hilton Hotels v. Junta de Salario Mínimo,* 74 D.P.R. 670 (1953).

En atención a lo anteriormente expresado se deniega este recurso.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General