ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JUAN C. MONTES ORTIZ<br><br>Parte Recurrente<br><br><br>V.<br><br><br>DEPARTAMENTO DE CORRECIÓN Y REHABILITACIÓN<br><br>Parte Recurrida | TA2026RA00178 | Revisión Judicial procedente del Departamento de Corrección y Rehabilitación, División de Remedios Administrativos<br><br>Remedio Administrativo Número: B-354-26<br><br>Sobre: Querella Disciplinaria 208-25-018 |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Salgado Schwarz y la Juez Aldebol Mora.

Salgado Schwarz, Carlos G., Juez Ponente.

## SENTENCIA

En San Juan, Puerto Rico a 27 de abril de 2026

Comparece el señor Juan C. Montes Ortiz ("Sr. Montes" o "Recurrente") y solicita que revoquemos la determinación emitida por el Departamento de Corrección y Rehabilitación ("DCR" o "Agencia") en la que encontró al Recurrente incurso en violación a la Regla 15 y 16 del *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional[1]* ("Reglamento 9221"), particularmente, los Códigos 107 y 200.

Por los fundamentos que exponemos a continuación, **desestimamos** el recurso por falta de jurisdicción, por prematuro.

---

[1] *Reglamento para Establecer el Procedimiento Disciplinario de la Población Correccional*, Reglamento Núm. 9221, 6 de octubre de 2020.

-I-

A continuación, detallamos los hechos pertinentes a la controversia de epígrafe.

El 28 de agosto de 2025, se presentó una Querella contra el Sr. Montes por violación a la Regla 15, Código 106 y 107, y a la Regla 16, Código 200 del Reglamento 9221. Posteriormente, se llevó a cabo una vista evidenciaria en la que el DCR determinó que el Sr. Montes violó la Regla 15, Código 107[2] y la Regla 16, Código 200[3] del Reglamento 9221. Inconforme con dicha determinación, el 16 de febrero de 2026, el Recurrente solicitó revisión ante la División de Remedios Administrativos[4]. El 23 de febrero de 2026, la División de Remedios Administrativos emitió una *Respuesta al Miembro de la Población Correccional*[5] mediante la cual desestimó la solicitud sin exponer determinaciones de hechos. Además, cabe señalar que en el documento no consta la fecha de recibo de la determinación. Nuevamente inconforme, el 27 de marzo de 2026, el Recurrente presentó una solicitud de revisión administrativa ante este Tribunal.

---

[2] Posesión, Fabricación o Introducción de Armas de Fuego, Armas Blancas, Materiales Explosivos, Sustancias Químicas, y Municiones – Se prohíbe la posesión, fabricación, introducción de armas de fuego, armas blancas, materiales explosivos, sustancias químicas, municiones, sustancias de cualquier índole que puedan ser utilizadas para la confección de armas, materiales explosivos, sustancias químicas, o todo tipo de municiones. Se incluyen pistolas, revolver, navajas, fisgas, clavos, tornillos, cualquier otro que pueda causar algún tipo de daño corporal. Véase el Reglamento 9221, *supra*, pág. 28.

[3] Contrabando – Consiste en la posesión de artículos o materiales considerados no peligrosos, que no sean suministrados o autorizados por el Departamento de Corrección y Rehabilitación. También se considerará contrabando aquellos artículos en exceso de los permitidos en el área de vivienda, tales como los artículos de consumo, o cualquier otro establecido por el Departamento de Correccion y Rehabilitación, excluyendo aquellos tipificados como contrabando peligroso. Véase el Reglamento 9221, *supra*, pág. 40.

[4] Véase Entrada #2, pág. 2 del expediente de Primera Instancia en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[5] *Íd.*, pág. 1.

-II-

## A. Jurisdicción

Es norma reiterada en nuestro ordenamiento jurídico procesal que los "*tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen.*"[6] La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias.[7] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a desestimar el recurso -toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho- pues la ausencia de jurisdicción es insubsanable.[8] Sobre este particular, el Tribunal Supremo de Puerto Rico ha expresado que en toda situación jurídica que se presente ante un foro adjudicativo, lo primero que se debe considerar es el aspecto jurisdiccional[9]. Ello debido a que los tribunales tienen la responsabilidad indelegable de examinar, en primera instancia, su propia jurisdicción[10].

Por otro lado, las partes tienen la responsabilidad de observar rigurosamente el cumplimiento de los requisitos reglamentarios para perfeccionar los recursos presentados ante la consideración del Tribunal Supremo de Puerto Rico y el Tribunal de Apelaciones[11]. De cumplir con los

---

[6] *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012).
[7] *Allied Mgmt. Grp.*, Inc. v. Oriental Bank, 204 DPR 374, 385 (2020); *Solá Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011).
[8] *Shell* v. *Srio. Hacienda*, 187 DPR 109, 123 (2012).
[9] *Horizon v. Jta. Revisora, RA Holdings*, 191 DPR 228, 233-234 (2014); *Cordero et al. v. ARPe et al.*, 187 DPR 445, 457 (2012).
[10] *Cordero et al. v. ARPe et al.*, supra, pág. 457.
[11] *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013); *DACo v. Servidores Públicos Unidos*, 187 DPR 704 (2013); *M-Care Compounding et al. v. Depto. Salud*, 186 DPR 159 (2012).

requisitos reglamentarios, este Tribunal queda investido jurisdiccionalmente para considerar los méritos del asunto sometido.

A pesar de que se ha dicho que un foro apelativo debe aplicar su reglamento de manera flexible, esta aplicación se emplea únicamente:

> […] *en situaciones muy particulares, en las cuales tal flexibilidad estaba plenamente justificada, como cuando se trata de un mero requisito de forma, de menor importancia, o cuando el foro apelativo ha impuesto una severa sanción de desestimación, sin antes haber apercibido a la parte debidamente. Ninguna de tales expresiones nuestras debe interpretarse como que da licencia a las partes o al foro apelativo para soslayar injustificadamente el cumplimiento del reglamento de ese foro* […][12]

Se ha resuelto que el promovente de un recurso está obligado a cumplir con lo dispuesto en el reglamento para poder perfeccionar su recurso, ya que su incumplimiento podría acarrear su desestimación.[13] Por tanto, reiteramos que este Tribunal tiene la discreción para determinar si procede desestimar un recurso por incumplimiento con nuestro Reglamento, toda vez que para poder adquirir jurisdicción sobre un asunto es indispensable que el recurso presentado ante este Tribunal quede perfeccionado.[14]

La Regla 83 del Reglamento del Tribunal de Apelaciones nos autoriza a desestimar a iniciativa propia un recurso por falta de jurisdicción. En lo aquí pertinente, la regla dispone lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

---

[12] *Arraiga v. F.S.E.*, 145 DPR 122, 130 (1998). (Énfasis omitido). (Citas omitidas).
[13] *Febles v. Romar*, 159 DPR 714 (2003).
[14] *Íd.*

(1) que el Tribunal de Apelaciones carece de jurisdicción.

(2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello.

(3) que no se ha presentado o proseguido con diligencia o de buena fe;

(4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

(5) que el recurso se ha convertido en académico.

(C) **El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente.**[15]

## B. Revisión Judicial

La *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*[16] ("LPAUG") autoriza la revisión judicial de las decisiones de las agencias administrativas. Es un principio establecido que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, debido a que estas cuentan con vasta experiencia y pericia para atender los asuntos que le han sido delegados por la Asamblea Legislativa.[17] Por lo tanto, las determinaciones de las agencias suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para

---

[15] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR ___ (2025).

[16] Ley Núm. 38 de 30 de junio de 2017, según enmendada.

[17] *Hernández Feliciano v. Mun. de Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018).

derrotarlas.[18] Sin embargo, dicha norma no es absoluta. A tales efectos, nuestro más alto foro ha enfatizado que no podemos imprimirle un sello de corrección a una determinación, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. Nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta [sic] cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida.[19]

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad.[20] Bajo este criterio, la revisión judicial se limita a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción.[21] La intervención del tribunal se limita a tres áreas, a saber: (1) si el remedio concedido por la agencia fue apropiado; (2) si las determinaciones

---

[18] *Rolón Martínez v. Supte. Policía, supra*; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[19] *Super Asphalt v. AFI y otro, supra*, pág. 819.
[20] *OEG v. Martínez Giraud, supra*; *Super Asphalt v. AFI y otro, supra*, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde, supra*, pág. 127.
[21] *OEG v. Martínez Giraud, supra*.

de hecho que realizó la agencia están sostenidas por evidencia sustancial que obra en el expediente administrativo visto en su totalidad, y (3) si las conclusiones de derecho del ente administrativo fueron correctas.[22] Nuestro máximo foro ha expresado que esta intervención *"debe ocurrir cuando la decisión administrativa no se fundamente en evidencia sustancial o cuando la agencia se equivoque en la aplicación de la ley."*[23] Siendo así, aquellas determinaciones de hechos formuladas por el ente administrativo deberán sostenerse cuando estén basadas en evidencia sustancial que surja del expediente administrativo considerado en su totalidad.[24]

Por otro lado, el Tribunal Supremo de Puerto Rico ha establecido que las determinaciones de hechos *"deben ser lo suficientemente definidas para poner a las cortes en posición de revisar inteligentemente la decisión del organismo administrativo y determinar si los hechos tal y como éste los encontró probados […] ofrecen una base razonable para su decisión"*[25]. Para lograr lo anterior, la agencia debe *"exponer los fundamentos de hecho, refiriéndose tanto a los hechos básicos que estimó probados, luego de resolver cualesquier conflicto en la prueba, como a las inferencias de hecho que en última instancia creyó justificadas"*[26].

En reiteradas ocasiones, nuestro más alto foro ha expresado que, en materia de derecho administrativo,

---

[22] *Torres Rivera v. Policía de PR*, 196 DPR 606, 626-627; *Batista, Nobbe v. Jta. Directores*, *supra*, pág. 217.
[23] *Rolón Martínez v. Supte. Policía*, *supra*, pág. 36.
[24] *Íd.*; *OEG v. Martínez Giraud*, *supra*; *Super Asphalt v. AFI y otro*, *supra*.
[25] *Misión Ind. P.R. v. J.P.*, 146 DPR 64, 152 (1998).
[26] *Íd.*

efectuar determinaciones de hecho y expresar las razones o fundamentos legales para la decisión administrativa es un requisito del debido procedimiento de ley[27]. La inobservancia de este requisito no permitiría que el foro apelativo revise y adjudique las controversias ante su consideración[28]. Un análisis de la jurisprudencia aplicable refleja que el Tribunal Supremo ha revocado las decisiones administrativas que carecen de determinaciones de hechos y/o conclusiones de derecho adecuadas que nos permitan efectuar una revisión inteligente[29]. En casos apropiados, el Tribunal Supremo ha devuelto el caso al foro administrativo para que corrija la deficiencia de determinaciones de hechos y conclusiones de derecho que fundamenten su decisión[30].

-III-

En el presente caso, el Sr. Montes solicita que revisemos la determinación emitida por el DCR luego de encontrarlo incurso en violación al Reglamento 9221. Veamos.

De los autos del caso surge que la División de Remedios Administrativos emitió su determinación el 23 de febrero de 2026. Sin embargo, la respuesta de la Agencia se limitó a señalar que la querella se desestimaba por términos, sin embargo, no incluyó determinaciones de hechos.

Es norma reiterada en nuestro ordenamiento jurídico que, para poder revisar las decisiones administrativas es necesario que la agencia dicte una

---

[27] *Rivera Santiago v. Srio. De Hacienda*, 119 DPR 265 (1987).
[28] *Vega Cruz v. Comisión Industrial*, 109 DPR 290 (1979).
[29] *Misión Ind. P.R. v. J.P.*, *supra*;
[30] *Rivera Santiago v. Srio. De Hacienda, supra*;

resolución fundamentada. Según indicamos, el Tribunal Supremo de Puerto Rico ha expresado que es un requisito del debido proceso de ley que los foros administrativos efectúen las determinaciones de hecho y conclusiones de derecho en las que fundamentan su decisión. Por lo tanto, si una resolución administrativa no está fundamentada, estamos impedidos de adjudicar la controversia.

Así pues, ante la inobservancia de la Agencia con los requisitos de incluir determinaciones de hechos en la resolución recurrida, este foro está impedido de revisar y adjudicar adecuadamente la controversia ante su consideración.

-IV-

Por los fundamentos que anteceden, **desestimamos** el recurso de revisión judicial por falta de jurisdicción, por prematuro. Se **devuelve** el caso al Departamento de Corrección y Rehabilitación para que fundamenten su determinación y notifiquen nuevamente, conforme a derecho.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones